PEOPLE *v.* LONG.

CRIMINAL LAW—EVIDENCE—TAMPERING WITH WITNESSES—PREJU-
DICE.

On a prosecution for rape, it is error to admit testimony that since
the case was begun a reward has been offered witness to stop
the prosecution, there being no offer to prove that the offer
was made with respondent's approval or acquiescence.

Error to Oceana; Russell, J.  Submitted May 3, 1906.
(Docket No. 156.)  Decided July 3, 1906.

Sidney Long was convicted of rape.  Reversed.

*W. E. Osmun* and *Nims, Hoyt, Erwin, Sessions &
Vanderwerp*, for appellant.

*John E. Bird*, Attorney General, and *Wallace Foote*,
Prosecuting Attorney, for the people.

HOOKER, J.  The defendant was convicted of rape.
The cause being brought here by writ of error, we infer
that he was sentenced, though the printed record fails to
show it. ,

Upon the trial the following occurred :

" *Q.* Since this case has been commenced, has any per-
son come to you for the purpose of trying to get you to
stop the case by the offer of a reward to you ?
"*A.* Yes, sir.
" *Q.* Did you say that he came in the interest of Sid
Long ?
"*Mr. Sessions:* I object to it and move to strike out
this other testimony as incompetent.
" *The Court:* I will sustain the objection as to this,
but I will overrule the application to strike it out.
" *Mr. Sessions:* Give me an exception."

The prosecution should not have made this proof, unless
able to offer some testimony tending to show that the de-

fendant procured the offer to be made, or that it was made with his approval or acquiescence. We find nothing to indicate that he had any such evidence, so the matter rested upon the bare statement that a reward had been offered, etc. It was testimony sure to injure the defendant, and we must treat it as ground for reversal.

We think it unnecessary to discuss other questions further than to say that in the absence of a request, and under the testimony in this case, it should not be reversed for the failure to submit the questions relating to lower grades of the offense charged.

The judgment is reversed, and a new trial ordered.

MCALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.